IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MAR' KEL KEY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:22-cv-131-WHA-JTA |
| R. PHILLIPS, et al., | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, initiated this action on or around March 15, 2022 by filing a Complaint under 42 U.S.C. § 1983. (*See* Doc. No. 1.) Upon review of the initial Complaint, the undersigned found it contained numerous deficiencies and ordered Plaintiff to file an amended complaint that cured those deficiencies. (Doc. No. 4.) Plaintiff filed his Amended Complaint on or around May 12, 2022, which is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] (Doc. No. 5.)

Upon review, the undersigned RECOMMENDS that this case be DISMISSED prior to service of process for failure to state a claim on which relief can be granted.

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

## I.     THE AMENDED COMPLAINT

The Amended Complaint alleges that Plaintiff was written up on December 4, 2021 and served with a disciplinary more than 24 hours later on December 5, 2021. (Doc. No. 5-1.) He was written up again on May 8, 2022 and served with a disciplinary on May 10, 2022. (*Id*.) Plaintiff states, "[i]n their rules it [says] you have 24 hours to be served a disciplinary and you have 3 to 7 business day[s] to be serve[d] a hearing" but Defendant Phillips failed to follow those rules and will "always find [Plaintiff] and other inmates guilty even when inmates [are] in the right." (*Id*.) Additionally, Plaintiff takes issue with the fact that "the County" makes copies of inmates' incoming mail, reads their incoming and outgoing mail, and threatens them with a disciplinary if they seal their outgoing mail. (Doc. No. 5 at 3; Doc. No. 5-1.) As relief, he seeks "los[s] of job and $30,000." (Doc. No. 5 at 4.)

## II.    DISCUSSION

The Amended Complaint fails to cure any of the deficiencies identified by the Court in its April 27, 2022 Order to amend. (*See* Doc. No. 4.) First, Plaintiff again fails to state a viable legal claim against any of the four named defendants. Second, Plaintiff again seeks relief to which he is not entitled.

### A.     Failure to State a Claim

#### 1.     Defendants J. Brazier, J. Ivey, and K. Moore

Although Plaintiff again names multiple individuals—R. Phillips, J. Brazier, J. Ivey, and K. Moore—as defendants, he fails to make any specific allegations against anyone other than Defendant Phillips. The only allegation that could be construed to pertain to the

other three named defendants is that Plaintiff "filed a grievance and they did nothing." (Doc. No. 5 at 3). To the extent "they" refers to the other named defendants, as the Court has already explained to Plaintiff, a prison official's failure to respond to an inmate's grievance does not give rise to a constitutional claim. *See Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *see also Franks v. Fridley*, No. 13-0561, 2014 WL 3540574, at *4 (S.D. Ala. July 17, 2014) ("[I]t follows that if an inmate has no constitutional right to a grievance procedure, an inmate has no constitutional right to receive a response to his grievances or to a request made to an officer.") (citations omitted). Thus, Plaintiff has failed to state a claim against J. Brazier, J. Ivey, and K. Moore.

    2.    <u>Defendant Phillips</u>

As to Defendant Phillips, Plaintiff states only that she "put on the paper that she had [Plaintiff's] hearing" when in fact an individual named Lt. Twrick had Plaintiff's hearing; that she fails to follow her own rules regarding when an inmate must be served with a disciplinary; and that she "[has] something against [him]" because she always finds him and other inmates guilty even when they are not. (Docs. No. 5, 5-1.) Based on these vague allegations, it appears Plaintiff purports to state a procedural due process claim. However, he has not done so.

Even accepting as true Plaintiff's allegations that, on two separate occasions, he was served with a disciplinary between 24 and 48 hours after he was written up in violation of an institutional policy, these allegations fail to establish a due process claim. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not

3

constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (citing *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set forth the due process rights of a prison inmate with regard to a disciplinary proceeding. The Court held that an inmate does not enjoy the full panoply of due process safeguards, but is nevertheless entitled to (1) receive written notice of the charges against him at least 24 hours in advance of the hearing; (2) call witnesses and present documentary evidence in his defense, provided that doing so will not be unduly harmful to institutional safety or correctional goals; and (3) receive a written statement setting forth the disciplinary board's findings of fact. *Wolff*, 418 U.S. at 563–66; *see also Battle v. Barton*, 970 F.2d 779, 782 (11th Cir. 1992).

The Amended Complaint neither alleges nor infers a violation of the above rights. Plaintiff's failure to receive written notice of his charges within 24 hours of the underlying incident, even if true, does not in itself violate any of the above rights; as long as the notice was provided to Plaintiff at least 24 hours prior to the hearing, and the Amended Complaint does not indicate otherwise, constitutional minima were met. *See Jean v. Johns*, Case No. 5:20-cv-60, 2021 WL 1097593, at *5 (S.D. Ga. Feb. 16, 2021) (finding inmate's allegation that he did not receive a copy of an incident report within 24 hours of the incident did not constitute a due process violation and collecting cases in support), *report and*

*recommendation adopted*, No. 5:20-cv-60, 2021 WL 1097587 (S.D. Ga. Mar. 22, 2021). Thus, Plaintiff has failed to state a due process claim against Defendant Phillips.

        3.        Claims against "the County"

Plaintiff further alleges that "the County" reads incoming and outgoing mai, copies the incoming mail, and writes inmates disciplinaries if they seal the mail. (Doc. No. 5 at 3; Doc. No. 5-1.) However, the County is not a named defendant in this case, and Plaintiff does not allege that any of the named defendants participated in or are responsible for the mail being read and copied. As the Court has already told Plaintiff, the Amended Complaint should name as defendants only those individuals he contends are personally responsible for the alleged violations of his constitutional rights and specifically describe how each named defendant acted, or failed to act, in a manner that deprived Plaintiff of his constitutional rights. Having failed to do so, he has not pleaded "factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Thus, these claims must fail.

    **B.**    **Relief Sought**

Finally, as relief, Plaintiff again seeks $30,000 in monetary damages and, presumably, termination of the named defendants' employment. (Doc. No. 5 at 4.) However, as the Court has already explained to Plaintiff, he is not entitled to either of these requested forms of relief. The Prison Litigation Reform Act and subsequent Eleventh Circuit case law provides that "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than

5

de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citations omitted). The Amended Complaint alleges no physical injury whatsoever. Thus, upon successful demonstration of a violation of his constitutional rights, he would be entitled only to nominal damages. *See id.* at 1308–09. Additionally, "federal courts have no authority . . . to fire state employees or to take over the performance of their functions." *Sampson v. Fox*, Case No. 5:18-cv-1834, 2019 WL 4492839, at *4 (N.D. Ala. Aug. 27, 2019) (citing *Newman v. State of Ala.*, 559 F.2d 283, 288 (5th Cir. 1977)), *report and recommendation adopted*, No. 5:18-cv-1834, 2019 WL 4466661 (N.D. Ala. Sept. 18, 2019). Thus, even if Plaintiff had stated a viable § 1983 claim—and he did not—he is not entitled to this relief.

### III.   CONCLUSION

Although the Court clearly set forth the deficiencies in Plaintiff's initial Complaint and gave Plaintiff an opportunity to cure those deficiencies in an Amended Complaint, Plaintiff wholly failed to do so. Thus, the undersigned finds that any further amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.").

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED prior to service of process for failure to state a claim on which relief may be granted.

It is further ORDERED that by **September 6, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and

legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of August, 2022.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE